IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fernando De Nova, ) | |
| ) | C/A No. 5:18-2461-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Hector Joyner, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner Fernando De Nova, proceeding pro se and in forma pauperis, is an inmate in custody of the Federal Bureau of Prisons currently housed at FCI-Estill in Estill, South Carolina. On September 6, 2018, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging the government violated a negotiated plea agreement, which increased his sentence beyond the sentence contemplated by the terms of the agreement. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.

The Magistrate Judge reviewed the petition pursuant to the Rules Governing Habeas Corpus Cases, the Anti-Terrorism and Effective Death Penalty Act, and relevant precedents. The Magistrate Judge determined that Petitioner's claims should be brought pursuant to 28 U.S.C. § 2255, and that Petitioner had failed to show that a § 2255 petition is inadequate or ineffective to test the legality of his detention. Accordingly, the Magistrate Judge issued a Report and Recommendation on December 4, 2018, in which she recommended that the within action be summarily dismissed without prejudice. Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record.  The court concurs in the Report and Recommendation and incorporates it herein by reference.  Petitioner's § 2241 petition is dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
January 10, 2019